IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-133 |
| JASMINE WILLIAMS | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Ruth Mandelbaum and S. Chandler Harris, Assistant United States Attorneys, respectfully submits this change of plea memorandum.

**I.      BACKGROUND**

On April 4, 2025, defendant Jasmine Williams was charged by indictment with fraud in connection with a major disaster in violation of 18 U.S.C. § 1040 (Count 1), twenty-four counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 2-25), and seven counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 26-32). The charges arise from the defendant's participation in a scheme to defraud the FEMA and the federal government by filing fraudulent FEMA relief applications, or registrations, in her name, and the names of others in the wake of Hurricane Ida in 2021.

On September 12, 2025, the defendant indicated her desire to plead guilty without a plea agreement. A Change of Plea Hearing is set before this court on September 15, 2025.

## II.     ELEMENTS

To establish that the defendant committed fraud in connection with a major disaster, in violation of 18 U.S.C. § 1040, the government must prove beyond a reasonable doubt the following elements:

1. The defendant falsified, concealed, or covered up by means of a trick, scheme, or device any material fact; or made a materially false, fictitious, or fraudulent statement or representation; or made or used a false writing or document knowing that writing or document to contain any materially false, fictitious, or fraudulent statement or representation;

2. The defendant acted knowingly;

3. The false statement, representation, writing, or document was made in connection with a benefit;

4. The benefit was authorized, transported, transmitted, transferred, disbursed, or paid in connection with a major disaster declaration or emergency declaration under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5121 *et seq.*); and

5. The benefit either was authorized, transported, transmitted, transferred, disbursed, or paid in or affected interstate or foreign commerce; or was transported in the mail at any point in the authorization, transportation, transmission, transfer, disbursement, or payment of that benefit; or was a record, voucher, payment, money, or thing of value of the United States, or of any department or agency thereof.

To establish that the defendant committed wire fraud, in violation of 18 U.S.C. § 1343, the government must prove beyond a reasonable doubt the following elements:

1. The defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

2. The defendant acted with the intent to defraud; and

3. In advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

To establish that the defendant committed mail fraud, in violation of 18 U.S.C. § 1341, the government must prove beyond a reasonable doubt the following elements:

1. The defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

2. The defendant acted with the intent to defraud; and

3. In advancing, furthering, or carrying out the scheme, the defendant used the mails, or caused the mails to be used.

**III.     STATUTORY MAXIMUM SENTENCES**

The statutory maximum sentence for the defendant's conviction on Count 1, fraud in connection with a major disaster, is 30 years imprisonment, a $250,000 fine, 5 years of supervised release, and a $100 special assessment.

The maximum penalty for Counts 2-25, wire fraud occurring in relation to or involving a benefit authorized in connection with a presidentially declared major disaster or emergency is, for each, 30 years imprisonment, a $1,000,000 fine, 5 years of supervised release, and a $100 special assessment.

The maximum penalty for Counts 26-32, mail fraud occurring in relation to or involving a benefit authorized in connection with a presidentially declared major disaster or emergency is, for each, 30 years imprisonment, a $1,000,000 fine, 5 years of supervised release, and a $100 special assessment.

The total maximum penalty is: 960 years imprisonment, 5 years of supervised release, a $31,250,000 fine, and a $3,200 special assessment.

Full restitution as determined by the Court shall be ordered. Forfeiture of an amount to be determined by the Court also may be ordered.

### III.    FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would be able to prove each element of the charged offenses through agent and witness testimony, video and audio recordings, and documentary evidence. In summary, the government would prove the facts set forth below.

The defendant engaged in an expansive scheme to defraud the Federal Emergency Management Agency ("FEMA"). In September 2021, in the wake of the remnants of Hurricane Ida, a major disaster declaration was issued under the Robert T. Stafford Disaster Relief and Emergency Assistance Act for most of Eastern Pennsylvania. As a result of this declaration, FEMA was authorized to provide financial assistance to residents affected by the disaster.

In response to the disaster declaration, the defendant posted images and videos on her social media account touting her experience and success in helping others obtain money from FEMA. She encouraged her followers to apply for disaster assistance with her help, even if they were not affected by the disaster. In posts and direct messages, she told her followers that they could apply if they were renters, owners, or homeless, they could make up dependents to get more money, and there were no requirements. The defendant also solicited disaster pictures from homes not affected by Hurricane Ida from her followers for use in her fraud scheme. In exchange for submitting the fake registrations, she requested half of the payout.

As a result of her solicitations on social media and elsewhere, the defendant filed, or caused to be filed, false FEMA registrations and FEMA registrations containing fake and false supporting documents.[1] These materially false and fraudulent documents included fake leases, letters from landlords, utility bills, earning statements, rent receipts, and home repair estimates.

---

[1] At sentencing, the government intends to prove that over 150 false registrations were filed, which resulted in over $1,500,000 in FEMA funds being disbursed.

The defendant also assisted in supporting the false registrations by engaging in three-way phone calls with FEMA representatives and the registrants, including by posing as a family member of the registrant.

Many of these fraudulent registrations and fraudulent supporting documents, including those in Counts 2-11 of the indictment, were submitted from the same fax number – a number associated with Albert Einstein/Jefferson Health, and travelled in interstate commerce. The defendant was employed as a healthcare worker at Albert Einstein/Jefferson Health during the period the applications were submitted.

If the fraudulent submissions to FEMA resulted in a payout, the defendant requested half of the money. The payouts were received by the applicants either via electronic fund transfer ("EFT") to the bank account listed on the application, or via a mailed treasury check sent to the address listed on the application. The wirings for the EFTs discussed in Counts 12-25 of the indictment each travelled in interstate commerce. The treasury checks discussed in Counts 26-32 of the indictment were each mailed using the United States Postal Service. As demanded, the defendant was frequently paid her requested 50% fee, in cash, through direct transfers to her bank account, or through various peer-to-peer money transfer applications.

## VI.   CONCLUSION

The United States respectfully submits that this summary of evidence provides a factual basis for a guilty plea by the defendant to Counts 1-32 of the indictment. The government therefore respectfully requests that the Court find that the defendant's guilty plea is

being tendered to the Court voluntarily, knowingly, and intelligently, and is supported by the requisite factual basis.

                                              Respectfully submitted,

                                              DAVID METCALF
                                              United States Attorney

                                              */s Chandler Harris*
                                              S. CHANDLER HARRIS
                                              RUTH MANDELBAUM
                                              Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum has been served via ECF upon:

      Summer McKeivier, Esq.
      Counsel for the Defendant

      /s/ *Ruth Mandelbaum*
      S. CHANDLER HARRIS
      Assistant United States Attorney

Date:   September 15, 2025